**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**


| | |
|---|---|
| **DOMINGO TURRO, #591489,** ) | |
|       **Petitioner,** ) | |
| ) | |
| **v.** ) | **3:05-CV-0473-M** |
| ) | |
| **DOUGLAS DRETKE, Director Texas** ) | |
| **Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
|       **Respondent.** ) | |


**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in

implementation thereof, this cause has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature

thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for a writ of habeas corpus brought by a state inmate

pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently incarcerated at the Stile Unit of the Texas Department of

Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Beaumont, Texas.

Respondent is the Director of the TDCJ-CID.  No process has been issued in this case.

Findings and Conclusions:  On May 23, 2005, the magistrate judge issued a notice of

deficiency and order to Petitioner, notifying him that the submitted request to proceed *in forma*

*pauperis* did not include a certified statement of the balance in his inmate trust account for the

six-month period preceding the filing of the petition.  The order directed Petitioner to cure the

deficiency within thirty days or his petition would be dismissed for failure to prosecute.  As of the

date of this recommendation, Petitioner has failed to comply with the order filed on May 23,

2005.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action

*sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court

order.  Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)]

flows from the court's inherent power to control its docket and prevent undue delays in the

disposition of pending cases."  Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir.

1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Petitioner has been given ample opportunity to submit a certified statement of the balance

in his inmate trust account for the six-month period preceding the filing of the petition.

However, he has failed to follow the court's order.  Therefore, the court should dismiss this

action without prejudice for want of prosecution pursuant to Rule 41(b).  See Larson, 157 F.3d at

1031-32.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the petition without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Petitioner.

Signed this 20th day of July, 2005.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.