IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DOMINGO TURRO,<br>　　　Petitioner,<br><br>v.<br><br>DOUGLAS DRETKE, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL INSTITUTIONS<br>DIVISION,<br>　　　Respondent. | §<br>§<br>§<br>§   Civil Action No. 4:05-CV-0733-A<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Domingo Turro, TDCJ # 591489, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On December 21, 1990, a jury found Turro guilty of murder, and, on January 7, 1991, the

trial court assessed his punishment at forty-five years' confinement. (3State Habeas R. at 27.)[1] On July 3, 1997, the Second District Court of Appeals of Texas affirmed the trial court's judgment on second remand. *Turro v. Texas*, 950 S.W.2d 390 (Tex. App.–Fort Worth 1997, pet. ref'd). Thereafter, on November 26, 1997, the Texas Court of Criminal Appeals denied Turro's petition for discretionary review. *Turro v. Texas*, PDR No. 1085-97. Apparently, Turro did not seek writ of certiorari. (Petition at 3; Pet'r Preliminary Resp. 3.)

Turro filed one relevant application for writ of habeas corpus in state court, which was denied without written order by the Texas Court of Criminal Appeals on February 3, 1999. *Ex parte Turro*, Application No. 25,011-03, at cover. Turro filed this federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on March 25, 2005, and the action was subsequently transferred to his court by order dated November 16, 2005. As directed, Dretke has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Turro has filed a reply.

D.  ISSUES

Turro raises two issues in which he challenges his 1990 conviction on substantive grounds. (Petition at 7.)

E.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). The provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[1]"3State Habeas R." refers to the state court record of Turro's state habeas proceeding in Application No. 25,011-03.

limitation period shall run from the latest of–

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because Turro is attacking his 1990 conviction, subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, Turro's conviction became final and the one-year limitations period began to run upon expiration of the time that Turro had for seeking certiorari in the United States Supreme Court on February 24, 1998, and

---

[2]Turro asserts that the state imposed an unconstitutional impediment to the filing of Turro's petition for federal relief and that his conviction is not yet final because the Texas Court of Criminal Appeals denied his state habeas application without written order, which is not a ruling on merits. (Pet'r Preliminary Resp. at 2-4.) Contrary to his assertion, however, under Texas law a denial without written order of a habeas claim generally signifies an adjudication on the merits. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997).

closed on February 24, 1999, absent any applicable tolling. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13. Turro's state habeas application, filed on December 2, 1998, operated to toll the running of the federal period for 63days, making his petition due on or before April 28, 1999. 28 U.S.C. § 2244(d)(2). Turro does not raise the issue of tolling as a matter of equity nor does the court find that this is a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Turro has asserted no justification for his failure to timely file his federal habeas corpus petition, and the record reveals none.

Turro's federal petition was due on or before April 28, 1999. His petition, filed on March 25, 2005, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Turro's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 8, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 8, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 14, 2006.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

5